**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                                         :
                                                               :  **Chapter 11**
**THE VWE GROUP, INC., d/b/a**                                 :
**V.W. EIMICKE ASSOCIATES, INC.**,                             :  Case No. 04-20308 (ASH)
                                                               :
**Debtor.**                                                    :
---------------------------------------------------------------x

---

**PLAN OF LIQUIDATION OF**
**THE VWE GROUP, INC.,**
**d/b/a V.W. EIMICKE ASSOCIATES, INC.**

---

Dated: February 14, 2007

                                                Joseph O'Neil Jr. (JON 3173)
                                                Reed Smith LLP
                                                599 Lexington Avenue
                                                New York, NY l0022
                                                Telephone:  (212) 521-5400

                                                J. Cory Falgowski
                                                Reed Smith LLP
                                                1201 N. Market Street, Suite 1500
                                                Wilmington, DE 19801
                                                Telephone: (302) 778-7500

                                                Attorneys for Debtor and Debtor in Possession

## INTRODUCTION

The VWE Group, Inc., d/b/a V.W. Eimicke Associates, Inc. (the "<u>Debtor</u>"), is the debtor and debtor-in-possession in a Chapter 11 bankruptcy case. This document is the Chapter 11 Plan of Liquidation of VWE Group, Inc., d/b/a V.W. Eimicke Associates, Inc. proposed by VWE Group, Inc., d/b/a V.W. Eimicke Associates, Inc (the "<u>Plan</u>"). This is a liquidating plan, pursuant to which the Debtor seeks to complete the liquidation of the Debtor's property and distribute the proceeds thereof in accordance with the priorities of distribution contained in the Bankruptcy Code.

**THE DEBTOR BELIEVES THAT THE PLAN REPRESENTS THE BEST POSSIBLE RETURN TO HOLDERS OF CLAIMS. THE DEBTOR STRONGLY URGES YOU TO READ THE DISCLOSURE STATEMENT AND VOTE IN FAVOR OF THIS PLAN.**

## ARTICLE I
## DEFINITIONS AND RULES OF CONSTRUCTION

**1.1    General Overview.**  As required by the Bankruptcy Code, the Plan classifies Claims and Equity Interests in various Classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each Class of Claims or Equity Interests is Impaired or Unimpaired. The Plan also provides the treatment each Class will receive under the Plan.

**1.2    Definitions.**

**(a)    Scope of Definitions.**  In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

**(b)    Defined Terms.**  All terms employed herein shall have the meanings set forth in the United States Bankruptcy Code (11 U.S.C. § 101, *et seq*.), unless specifically defined to the contrary herein. For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan.

**(1)    Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Bankruptcy Code § 507(a)(1), including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expense of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of its business or for the acquisition or lease of property or the provision of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of the Debtor under Chapter 123, title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and confirmation of this Plan.

**(2)    Allowed** when used as an adjective preceding the words "Claims" or "Equity Interest", shall mean any Claim against or Equity Interests in the Debtor,

proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed within the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, local rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order.  Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

**(3)** **Allowed Administrative Expense** shall mean any Administrative Expense Allowed under Bankruptcy Code § 507(a)(1).

**(4)** **Allowed Class 1 Claim** shall have the meaning ascribed to it in D.2(a).

**(5)** **Allowed Class 2 Claim** shall have the meaning ascribed to it in D.2(b).

**(6)** **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

**(7)** **Asset Purchase Agreement** shall mean that certain Asset Purchase Agreement between the Debtor and Buyer dated on or about July 20, 2006.

**(8)** **Asset Sale** shall mean the sale of substantially all of the assets of the Debtor pursuant to and as described in the Asset Purchase Agreement.

**(9)** **Asset Sale Proceeds** shall mean the consideration from Buyer for the Asset Sale, as more fully described in the Asset Purchase Agreement and Sale Order, which remains as of the Effective Date.

**(10)** **Bankruptcy Case** shall mean the case under Chapter 11 of the Bankruptcy Code in which The VWE Group, Inc., d/b/a V.W. Eimicke Associates, Inc. is the Debtor.

**(11)** **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*

**(12)** **Bankruptcy Court** shall mean the United States Bankruptcy Court for the Southern District of New York having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. § 158, the unit of such District Court constituted pursuant to 28 U.S.C. § 151.

**(13)** **Bankruptcy Rules** shall mean the rules of practice and procedure in bankruptcy, promulgated under 28 U.S.C. § 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

**(14)** **Business Day** shall mean and refer to any day except Saturday, Sunday, and any other day on which commercial banks in New York are authorized by law to close.

**(15)** **Buyer** shall mean Everglades Direct, Inc.

**(16)** **Causes of Action** shall mean each and every claim, demand or cause of action whatsoever which the Debtor and/or Committee has or had the power to assert immediately prior to the Confirmation of the Plan, whether or not commenced, including, without limitation, actions for the avoidance and recovery, pursuant to Bankruptcy Code § 550, of transfers avoidable by reason of Bankruptcy Code §§ 544, 545, 547, 548, 549, or 553(b).

**(17)** **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; and all claims as such term is defined in Bankruptcy Code § 101(5).

**(18)** **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan.

**(19)** **Committee** shall mean the Official Committee of Unsecured Creditors of The VWE Group, Inc., d/b/a V.W. Eimicke Associates, Inc.

**(20)** **Confirmation** shall mean the entry of an Order by the Bankruptcy Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

**(21)** **Confirmation Order** shall mean a Final Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**(22)** **Creditor** shall mean any Person that has a Claim against the Debtor that arose on or before the Petition Date or a Person that has a Claim against the Debtor's estate of any kind specified in Bankruptcy Code §§ 502(g), 502(h) or 502(i).

**(23)** **Debt** has and shall have the same meaning ascribed to it in Bankruptcy Code § 101(12).

**(24)** **Debtor** shall mean The VWE Group, Inc., d/b/a V.W. Eimicke Associates, Inc.

**(25)** **Disclosure Statement** shall mean and refer to the Disclosure Statement in Support of Plan of Liquidation filed by the Debtor in these Proceedings as required pursuant to Bankruptcy Code § 1125 *et seq.*, together with any additional modifications and amendments.

**(26)** **Effective Date** shall mean the day that is one hundred twenty (120) days after the date on which the Confirmation Order becomes a Final Order.

**(27)** **Equity Interest Holder** shall mean the Holder of an equity interest in the Debtor.

**(28)** **Equity Interest** shall mean any interest in the Debtor represented by stock, warrants, options, or other rights to purchase any shares of stock in the Debtor.

**(29)** **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having

been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

**(30)** **Holder** shall mean the beneficial owner of any Claim or Equity Interest.

**(31)** **Impaired** when used as an adjective preceding the words "Class of Claims" or "Class of Equity Interest", shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

**(32)** **Instrument** shall mean any share of stock, security, promissory note, or other "instrument" within the meaning of that term as defined by the Uniform Commercial Code.

**(33)** **Liquidation Trust** shall mean the Trust created pursuant to the Liquidation Trust Agreement and the Plan.

**(34)** **Liquidation Trust Agreement** shall mean the trust agreement to be entered into pursuant to this Plan.

**(35)** **Liquidation Trust Assets** shall have the meaning set forth in Section 3.1(b) of this Plan.

**(36)** **Liquidation Trustee** shall mean the Person to be chosen by the Debtor who shall effectuate this Plan and hold and distribute funds to be distributed to holders of Allowed Claims pursuant to the provisions of the Plan and Confirmation Order and serve the roles of a disbursing agent and litigation trustee, as more specifically set forth in the Plan and Liquidation Trust Agreement.

**(37)** **Non Professional Administrative Expense Claim** shall mean Claims arising after the Petition Date, other than (i) a Claim for fees and expenses by a Professional Person, or (ii) a liability incurred and paid in the ordinary course of business by the Debtor.

**(38)** **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

**(39)** **Petition Date** shall mean, June 2, 2004.

**(40)** **Plan** shall mean the Plan of Liquidation filed by the Debtor in these Proceedings, together with any additional modifications and amendments.

**(41)** **Post Effective Date Fees** shall mean fees and expenses incurred by the Debtor's Professional Persons after the Effective Date.

**(42)** **Priority Non-Tax Claim** shall mean a Claim entitled to priority under Bankruptcy Code §§ 507(a)(3), (4) or (6), but only to the extent it is entitled to priority in payment under any such subsection.

**(43)** **Priority Tax Creditor** shall mean a Creditor holding a Priority Tax Claim.

**(44)** **Priority Tax Claim** shall mean any Claim entitled to priority in payment under Bankruptcy Code § 507(a)(8), but only to the extent it is entitled to priority under such subsection.

**(45)** **Proceedings** shall mean the Chapter 11 Case of the Debtor.

**(46)** **Professional Persons** shall mean and refer to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Bankruptcy Court entered under Bankruptcy Code §§ 327, 328, 330, or 503(b).

**(47)** **Proponent** shall mean the Debtor and debtor-in-possession, who is the proponent of this Plan.

**(48)** **Sale Order** shall mean that certain Order Authorizing (I) The Sale of Assets Free and Clear of all Interests, Claims and Encumbrances and (II) the Debtor's Assumption and Assignment of Certain Executory Contracts to the Purchaser entered by the Bankruptcy Court on or about July 20, 2006.

**(49)** **Secured Claim** shall mean and refer to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest, which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Bankruptcy Code § 506(a).

**(50)** **Unclaimed Distribution** shall mean any distribution returned to the Liquidation Trustee as undeliverable, or any distribution which is not presented for payment or otherwise effectively transferred to payee within ninety (90) days of the date on which the distribution is made.

**(51)** **Unimpaired** shall mean a Class or Claim that is not Impaired.

**(52)** **Unresolved Causes of Action** shall mean the Causes of Action which have not been finally settled (with requisite Bankruptcy Court approval), dismissed, or resolved by entry of a Final Order or other procedurally appropriate means.

**(53)** **Unsecured Claim** shall mean any Claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (i) a secured claim pursuant to Bankruptcy Code § 506, as modified by Bankruptcy Code § 1111(b), or (ii) a Claim entitled to priority under Bankruptcy Code §§ 503 or 507. "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

**(c)** **Other Definitions.** A term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Moreover, some terms defined herein are defined in the section in which they are used.

**1.3** **Computation of Time.** In computing any period of time prescribed by or allowed by the Plan, unless otherwise expressly provided, the provisions of Bankruptcy Rule 9006(a) shall apply.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

**2.1** **Unclassified Claims.** Certain types of Claims are not placed into voting Classes; instead they are unclassified. They are not considered Impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Debtor has not placed the following claims in a Class. The treatment of these Claims is provided below.

**(a)** **Administrative Expenses and Fees.** Administrative Expenses are Claims for fees, costs or expenses of administering the Debtor's Chapter 11 Case that are Allowed under Bankruptcy Code § 507(a)(1), including all professional compensation requests pursuant to Bankruptcy Code §§ 330 and 331.

**(1)** **Administrative Expense Claims of Professional Persons.** Pursuant to the Bankruptcy Code, the Bankruptcy Court must rule on all professional compensation and expenses before the compensation and expenses will be allowed. Professional Persons shall file with the Bankruptcy Court, and serve on all parties required to receive notice, an application for compensation and reimbursement of expenses no later than sixty (60) days after the Effective Date of the Plan, or such other date as the Bankruptcy Court may direct. Only the amount of compensation and reimbursement of expenses allowed by the Bankruptcy Court will be owed and required to be paid under this Plan as an Allowed Administrative Expense Claim. Any Allowed Administrative Expense Claims of the Debtor's Professional Persons not paid from the Debtor's estate prior to Confirmation shall be paid by the Liquidation Trustee from the Liquidation Trust. Any Allowed Administrative Expense Claims of the Debtor's Professional Persons incurred by the Debtor in taking all actions to effectuate the Plan (including modifications of the Debtor's original plan and confirmation of the Plan) shall be paid from the Debtor's estate or from the Liquidation Trust before any other distributions are made in accordance with this Plan.

**(2)** **Non-Professional Administrative Expense Claims.** Holders of Allowed Non-Professional Administrative Claims will be paid the full amount of such Allowed Non-Professional Administrative Claim as follows: (1) Debtor or Liquidation Trustee shall pay the Non-Professional Administrative Claim in cash on the later of (i) the Effective Date or (ii) the date on which such Non-Professional Administrative Claim is Allowed, or (2) the Allowed Non-Professional Administrative Claim may be paid at such time or in such manner as agreed to by the Holder of such Allowed Non-Professional Administrative Claim.

Any claims for Allowed Administrative Expenses, which are not paid on the Effective Date, shall not be discharged and shall retain their administrative priority under 11 U.S.C.§ 507(a)(1) in this Bankruptcy Case or in a subsequent case under Chapter 7.

**(b)** **Priority Tax Claims.** These Claims are Claims for certain unsecured income, employment and other taxes described by Bankruptcy Code § 507(a)(8). Allowed Priority Tax Claims will be paid in full on the Effective Date.

**2.2    Designation and Treatment of Classes Under the Plan.**

**(a)    Designation of Classes.**  Each Holder of a Claim, as defined in Bankruptcy Code § 101(5), of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all Claims arising from the rejection of executory contracts and unexpired leases, will be bound by the provisions of the Plan.  The Plan contains three (3) classifications of Claims and Equity Interests.

**(1)**    CLASS ONE (1): Priority Non-Tax Claims

**(2)**    CLASS TWO (2): General Unsecured Claims

**(3)**    CLASS THREE (3): Equity Interests

**(b)    Treatment of Classes.**

**(1)    Class 1 - Priority Non-Tax Claims.**  Class 1 consists of all Priority Non-Tax Claims. All Holders of Allowed Class 1 Claims will be paid the full amount of such Allowed Class 1 Claim as follows: (1) the full amount of such Allowed Priority Non-Tax Claim on the latest of (i) the Effective Date, (ii) the date on which such Priority Non-Tax Claim is Allowed, or (iii) the date such Priority Non-Tax Claim becomes payable in accordance with its terms; or (2) if Class 1 accepts the Plan, (i) in deferred cash payments of a value, as of the Effective Date of the Plan, equal to the allowed amount of such Priority Non-Tax Claims; or (3) on such other terms as may be agreed to by the Holder of such Allowed Priority Non-Tax Claims.  Class 1 is Impaired under this Plan.

**(2)    Class 2 - General Unsecured Creditors.**  Class 2 consists of all Allowed Unsecured Claims against the Debtor. Each Person holding an Allowed Unsecured Class 2 Claim shall be entitled to receive their pro rata share of the proceeds deposited into the Liquidation Trust after satisfaction of all Administrative Expense Claims and Priority Claims; provided, however, that aggregate distributions received from the Liquidation Trust shall not exceed the amount of all Class 2 Allowed Unsecured Claims plus post-Petition Date interest thereon. The Debtor does not believe that Class 2 Allowed Unsecured Claims will be paid in full from the Liquidation Trust.  The treatment and consideration to be received by Holders of Allowed Class 2 Claims shall be in full settlement and satisfaction of their respective Claims. Class 2 is Impaired under this Plan.

**(3)    Class 3 - Equity Interests.**  Class 3 consists of Equity Interests in the Debtor, including, without limitation, options, warrants and other rights to acquire equity interests in the Debtor.  Since the Debtor does not anticipate full payment of Allowed Unsecured Class 2 Claims, the Equity Interests will receive nothing from the liquidation of the Debtor's estate.  Accordingly, Class 3 will receive no distribution from the Debtor's estate or the Liquidation Trust. Class 3 is Impaired and is deemed to have rejected the Plan.

**2.3    Acceptance or Rejection of Plan.**  Each Impaired Class of Creditors with Claims against the Debtor's estate shall be entitled to vote separately to accept or reject the Plan. Holders of Claims in Class 3, while Impaired, are not going to receive or retain any value under the Plan and are, therefore, deemed to have rejected the Plan. A Class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds (⅔) in the aggregate dollar amount and more than one-half (½) in number of Holders of the Allowed Claims of such Class that have

voted to accept or reject the Plan. In the event that any Impaired Class of Creditors or Equity Interest Holders shall fail to accept the Plan in accordance with Bankruptcy Code § 1129(a), the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Bankruptcy Code § 1129(b).

## ARTICLE III

## IMPLEMENTATION AND EFFECTUATION OF THE PLAN

**3.1** **Means of Effectuating the Plan.**

**(a)** **Asset Sale.** The Debtor has sold substantially all of the Assets of the Debtor to the Buyer pursuant to the Sale Order and as provided for in the Asset Purchase Agreement. The Buyer purchased the Assets for (a) $344,187.13, which consisted of a base purchase price of $325,000 plus an additional $19,187.13 relating to the Buyer's purchase of accounts receivable as set forth in the Asset Purchase Agreement. Upon Closing the Debtor paid certain Administrative Expenses incurred in the ordinary course of business and certain required payments in accordance with the Sale Order. The remaining proceeds of the Asset Sale shall be contributed to the Liquidation Trust in accordance with this Plan.

**(b)** **Creation of Liquidation Trust.** On the Effective Date, a Liquidation Trust shall be created from which payment of Allowed Claims in Classes 1 and 2, Allowed Administrative Expenses, Allowed Priority Tax Claims and Post Effective Date Fees shall be paid. The Debtor shall relinquish any and all rights in and to the Liquidation Trust, which shall be transferred to the Liquidation Trustee, for and on behalf of the Holders of Allowed Claims in Classes 1 and 2, Allowed Administrative Expenses, Allowed Priority Claims and Post Effective Date Fees. On the Effective Date, the following assets (the "Liquidation Trust Assets") shall vest in the Liquidation Trust:

**(1)** **Asset Sale Proceeds.** The Debtor will transfer all remaining Asset Sale Proceeds to the Liquidation Trust.

**(2)** **Recoveries from Causes of Action.** The Debtor, Committee and/or Trustee shall pay all proceeds of the Causes of Actions, which are recovered, into the Liquidation Trust. On the Effective Date, the Unresolved Causes of Action shall be assigned in trust to the Liquidation Trustee, as a litigation trustee. The Liquidation Trustee shall have the right, without the necessity of Bankruptcy Court approval, to settle any Unresolved Cause of Action. The Bankruptcy Court shall retain jurisdiction to adjudicate any and all Causes of Action, whether commenced prior to or after Confirmation of this Plan.

**(3)** **Remaining Assets of the Debtor.** The Debtor's remaining assets, if any, shall be assigned to the Liquidation Trust.

**3.2** **Objections to Claims.**

**(a)** **Bar Dates.**

**(1)** **Bar Date for Filing Proofs of Claim.** On November 10, 2004, the Bankruptcy Court entered an Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Bar Date Order") which set the

deadline for filing proofs of claim as January 31, 2005 at 5:00 p.m. EST (the "Bar Date"). Proofs of claim filed after the Bar Date are subject to objection as late-filed claims.

    **(2)**  **Bar Date for Asserting Administrative Expense Claims.** Substantially contemporaneous to the filing of this Plan, the Debtor shall file a Motion with the Bankruptcy Court requesting an Order to, *inter alia*, (i) fix a bar date for filing and set procedures for asserting Non-Professional Administrative Expense Claims, and (ii) provide that any Non-Professional Administrative Expense Claims not timely and properly asserted in accordance therewith will be forever barred and discharged. In any event, requests for payment of Non-Professional Administrative Expense Claims must be asserted by the earlier of: (i) any deadline which may be set by order of the Bankruptcy Court; or (ii) thirty (30) days after the date of Confirmation of the Plan. Unless otherwise ordered, such requests for payment of Non-Professional Administrative Expense Claims shall be filed with the Bankruptcy Court and served on counsel for the Debtor, counsel for the Committee, counsel for the Liquidation Trustee, and the Liquidation Trustee.

    **(b)**  **Authority to Object to Claims and Administrative Expense Claims.** Prior to the Effective Date, the Debtor and the Committee shall each have the right to file, prosecute, litigate and settle objections to Claims, including Administrative Expense Claims, and counsel for the Debtor and Committee shall confer as necessary to prevent duplicative objections. On the Effective Date, the right to file, prosecute, litigate and settle objections to Claims, including Administrative Expense Claims, whether or not the subject of litigation pending as of the Effective Date, shall be deemed automatically transferred from the Debtor and Committee to the Liquidation Trustee. The Liquidation Trustee shall have one hundred twenty (120) days after the Effective Date, or such further time as the Bankruptcy Court may authorize, to object to the Allowance of Claims.

  **3.3**  **Corporate Action.** On the Effective Date, all actions contemplated by the Plan will be deemed authorized and approved in all respects (subject to the provisions of the Plan). On the Effective Date, the appropriate officers or representatives of the Debtor are authorized and directed to execute and to deliver any and all agreements, documents and instruments contemplated by the Plan and/or necessary for the consummation of the Plan.

  **3.4**  **Cancellation of Existing Instruments or Other Documents.** On the Effective Date, all promissory notes, share certificates, uncertified interests, bonds and other Instruments evidencing any Claim or Equity Interest in or against the Debtor shall be deemed cancelled without further act or action under any applicable agreement, law, regulation, order, or rule, except to the extent the Plan expressly provides otherwise, and the obligations of the Debtor thereunder shall be extinguished.

  **3.5**  **Cessation of Business Operations of the Debtor.** From and after the Effective Date, the Debtor (i) shall be deemed, for all purposes, to have terminated and withdrawn its business operations from any state in which the Debtor was previously conducting, or is registered, licensed or authorized to conduct, its business operations, and shall not be required to file any document, pay any sum or take any other action, in order to effectuate such withdrawal, (ii) shall be deemed to have cancelled pursuant to the Plan all Interests, and (iii) shall not be liable in any manner to any taxing authority for franchise, business, license or similar taxes accruing on or after the Effective Date.

**3.6   Dissolution of the Debtor.** At such time as the Liquidation Trustee deems appropriate, the Liquidation Trustee may cause the Debtor to be dissolved for all purposes under applicable non-bankruptcy law without the necessity for any other or further actions to be taken by or on behalf of the Debtor or payment of any fees, charges, penalties or other amounts required by applicable non-bankruptcy law.  Notwithstanding the foregoing, the Liquidation Trustee shall be authorized to take any actions, including the filing or recording of any documents and the making of any applicable tax filings, and the payment of any fees, charges or other amounts necessary or appropriate, in the reasonable opinion of the Liquidation Trustee, to dissolve the Debtor, provided, however, that the Debtor shall file, or the Liquidation Trustee may file on its behalf, with the official public office for keeping corporate records in its state or district of organization, a certificate of dissolution or equivalent document.  The Liquidation Trustee may take all actions on behalf of the Debtor to effectuate the dissolution of the Debtor including, without limitation, the execution and filing or recording of such a certificate of dissolution.

**3.7   Closing of the Case.** When the Debtor's estate has been fully administered, all disputed Claims against the Debtor have become Allowed Claims or have been disallowed by Final Order, and all adversary proceedings or contested matters pending before the Court have been resolved by Final Orders, or at such earlier time as the Liquidation Trustee deems appropriate, the Liquidation Trustee shall seek authority from the Bankruptcy Court to close the Case in accordance with the Bankruptcy Code and the Bankruptcy Rules.

## ARTICLE IV

## THE LIQUIDATION TRUST

**4.1   Purpose.** The sole purpose of the Liquidation Trust is liquidating and distributing the Liquidation Trust Assets in accordance with this Plan.

**4.2   Liquidation Trust Agreement.** A Liquidation Trust Agreement shall be entered into by the Debtor and the Liquidation Trustee.  A copy of the Liquidation Trust Agreement in substantially final form shall be filed with the Bankruptcy Court not less than five (5) days prior to the hearing on Confirmation.  The Liquidation Trust Agreement shall, among other matters, create the Liquidation Trust, identify the Liquidation Trustee as the initial trustee of the Liquidation Trust, describe the method of compensating the Liquidation Trustee, and specify the authorities and powers of the Liquidation Trustee.

**4.3   Funding.** On the Effective Date, the Debtor and/or the Committee shall transfer to the Liquidation Trust the Liquidation Trust Assets, which sums shall be used to fund the operations of the Liquidation Trust, pursue any unresolved Causes of Action and/or objections to Claims, and make distributions in accordance with the Plan to holders of Allowed Claims.  The Liquidation Trustee may hold or invest the funds in the Liquidation Trust in one or more accounts; provided, however, that all investments shall be made in accordance with Bankruptcy Code § 345.

**4.4   The Liquidation Trustee.**

   **(a)   Appointment.** The Bankruptcy Court shall enter an order (which may be the Confirmation Order) approving the Liquidation Trust Agreement and appointing the

WILLIB-51680.3 JCFALGOW-501876-60009

Liquidation Trustee who shall serve from and after the Effective Date until completion of responsibilities or resignation or discharge and appointment of a successor liquidation trustee.

**(b)** **Liquidation Trustee Duties.** The Liquidation Trustee's duties shall include: (i) deposit of funds into the Liquidation Trust(s); (ii) management of the Liquidation Trust(s); (iii) distribution of the funds contained in the Liquidation Trust(s) in accordance with this Plan; and (iv) the prosecution of any and all Unresolved Causes of Action and objections to Claims.

**(1)** **Assignee of Causes of Action.** On the Effective Date, all authority and discretion to pursue, settle, or compromise the Unresolved Causes of Actions shall be assigned to the Liquidation Trustee. The Liquidation Trustee shall hold the Unresolved Causes of Actions in trust for the benefit of the Debtor's Creditors and all recoveries from those assigned Unresolved Causes of Action shall be placed into the Liquidation Trust.

**(2)** **Objections to Claims and Administrative Expense Claims.** On the Effective Date, the right to file, prosecute, litigate and settle objections to Claims and objections to Administrative Expense Claims, whether or not the subject of litigation pending as of the Effective Date, shall be deemed automatically transferred from the Debtor and Committee to the Liquidation Trustee.

**(c)** **Compensation.** The Liquidation Trustee will be compensated at his/her normal hourly rate or as further provided in the Liquidation Trust Agreement.

**4.5** **Debtor's Books and Records.** The Debtor's books and records are currently being held in storage. All right, title and interest in and to those books and records shall vest in the Liquidation Trust as of the Effective Date. From and after the Effective Date, the Liquidation Trust shall bear the cost and expense of storage of such books and records. The Liquidation Trustee may, with approval of the Bankruptcy Court after notice to parties in interest and an opportunity for a hearing, dispose of the books and records of the Debtor in accordance with the Bankruptcy Court's direction.

# ARTICLE V

# PAYMENTS AND DISTRIBUTIONS

**5.1** **Payments and Distributions in General.** Except as otherwise provided herein, the Liquidation Trustee shall be responsible for making distributions in accordance with the terms of this Plan.

**5.2** **Priority of Payments and Distributions from the Liquidation Trust.** Payment of Allowed Claims shall be made on the Effective Date, or as soon thereafter as is practicable, in accordance with the priority scheme dictated by the Bankruptcy Code and the Plan.

**5.3** **Reserves**. The Liquidation Trustee shall, as necessary, establish reserves to ensure compliance with the priority scheme dictated by the Bankruptcy Code and the Plan.

**5.4** **Manner of Distributions.** At the option of the Liquidation Trustee, distributions from the Liquidation Trust may be made in cash, by wire transfer or by a check drawn on a domestic bank. No distributions shall be made on Claims that are less than one hundred dollars ($100.00) in amount, unless a request is made, in writing, to the Liquidation Trustee.

- 11 -

**5.5** **Undeliverable and Unclaimed Distributions.** The Liquidation Trustee will hold any Unclaimed Distribution and will not be required to take any further action with respect to the delivery of the Unclaimed Distribution. If the Person entitled to such Unclaimed Distribution does not present itself to the Liquidation Trustee within ninety (90) days following the distribution date, the Unclaimed Distribution will go back into the Liquidation Trust for the benefit of other Holders of Claims in the same class as the Holder of the Unclaimed Distribution, and the Unclaimed Distribution will be distributed to such other Persons in accordance with the Plan terms on the next succeeding distribution date.

**5.6** **Post Effective Date Employment of Debtor's Professional Persons and Fees.** The Debtor shall continue to retain the Debtor's Professional Persons subsequent to the Effective Date to render services as necessary to consummate the Plan, conclude the bankruptcy case and other services. The Debtor anticipates that such services shall include, but not be limited to services related to the Liquidation Trustee and his/her duties (if not designated prior to Confirmation), the transfer of property into the Liquidation Trust, and preparation of the Final Fee Applications. The reasonable fees and expenses of the Debtor's Professional Persons shall constitute the Post Effective Date Fees and shall be payable upon presentment of a monthly statement for services rendered and for reimbursement of expenses to the Liquidation Trustee. The Liquidation Trustee shall have ten (10) days from the receipt of the Post Effective Date Fees statement to dispute all or part of such statement in writing. Upon the expiration of the ten (10) days, the Liquidation Trustee shall pay the Debtor's Professional Persons the undisputed portion of the Post Effective Date Fees. Any disputes shall be submitted to the Bankruptcy Court for determination.

## ARTICLE VI

### TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1** **Rejection of Executory Contracts and Unexpired Leases.** Except as otherwise provided herein or pursuant to any order of the Bankruptcy Court previously entered in the Bankruptcy Case, all executory contracts and unexpired leases of the Debtor are deemed rejected as of the Confirmation date. The Confirmation Order shall constitute an order of the Bankruptcy Court approving such rejections on the Confirmation date under Bankruptcy Code § 365. Any party to an executory contract or unexpired lease subject to rejection may file with the Bankruptcy Court and serve on the Debtor an objection to such rejection. Failure to file and serve any such objection within the deadline set for objecting to Confirmation of the Plan shall constitute an agreement to rejection. If the rejection of any executory contract or unexpired lease gives rise to a Claim by the other party or parties to such contract or lease, the Holder of such Claim must file and serve on the Debtor's counsel a proof of claim within thirty (30) days after the earlier of (i) the date of entry of the first order of the Bankruptcy Court rejecting the executory contract or unexpired lease, or (ii) the Confirmation date. Failure to file and serve such proof of claim shall serve as a waiver of any such Claim, and the Holder of such Claim shall be forever barred from asserting such Claim against the Debtor. Persons who are parties to executory contracts that are rejected and who claim damages by reason of such rejection shall, upon allowance of such claim or if no objection to such claim is filed, become Unsecured Class 2 Creditors and shall be treated in the same manner as other Unsecured Class 2 Creditors.

# ARTICLE VII

# EFFECT OF CONFIRMATION OF PLAN

**7.1  Binding Effect.**  Nothing contained in this Plan or the Disclosure Statement will limit the effect of Confirmation as set forth in Bankruptcy Code § 1141.  Confirmation will bind the Debtor, all Creditors, Equity Interest Holders and other parties in interest to the provisions of the Plan, whether or not the Claim or Equity Interest of such Creditor or Equity Interest Holder is Impaired under the Plan and whether or not such Creditor or Equity Interest Holder has accepted the Plan.

**7.2  Limitation of Liability.** On and after the Confirmation Date, none of (i) the Debtor, or (ii) the Liquidation Trustee, (iii) Debtor's Professionals, (iv) the Committee and its Professionals as of immediately after the Effective Date, shall have or incur any liability for any actions or inactions in connection with the Bankruptcy Case, taken or to be taken or omitted under or in connection with, related to, effecting, or arising out of the Debtor; the Debtor's operations; the administration of the Debtor's bankruptcy estate, and real and personal property; the pursuit of Confirmation; the Consummation of the Plan; the administration of the Plan; the sale and liquidation of the Debtor's assets; or the property to be distributed under the Plan, except by reason of their gross negligence or willful misconduct.

**7.3  Injunction.**  Except as otherwise provided in this Plan or Confirmation Order, on or after the Effective Date all entities that have held, currently hold or may hold a Debt, Claim, other liability or interest against or in the Debtor that would be discharged upon Confirmation of this Plan and the Effective Date but for the provisions of Bankruptcy Code § 1141(d)(3) are permanently enjoined from taking any of the following actions on account of such Debt, Claim, liability, interest or right: (i) commencing or continuing in any manner any action or other proceeding on account of such Debt, Claim, liability, interest or right against property that is to be distributed under this Plan or; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against any property to be distributed to creditors under this Plan.  On and after the Effective Date, each Holder of an Equity Interest in the Debtor is permanently enjoined from taking or participating in any action that would interfere or otherwise hinder the Debtor from implementing this Plan, the Confirmation Order or any other Order of the Bankruptcy Court.

**7.4  Preservation of Causes of Action.**  Unresolved Causes of Action shall be assigned to the Liquidation Trustee.  The potential proceeds from these Unresolved Causes of Action are uncertain and speculative and therefore, no value has been assigned to such recoveries. The Liquidation Trustee reserves the right to continue to prosecute the Unresolved Causes of Action, whether arising prior to or after the Petition Date, in any court or other tribunal. Unless an Unresolved Cause of Action is expressly waived, relinquished, released, compromised or settled in the Plan or by any Final Order, the Debtor on behalf of itself and the Liquidation Trustee expressly reserves all Unresolved Causes of Action for later adjudication and, therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to any such Unresolved Cause of Action upon Confirmation or consummation of the Plan.

**7.5     Vesting of Debtor Property in the Liquidation Trustee.**  Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, without any further action, all of the property of the Debtor's Estate shall vest in the Liquidation Trustee, free and clear of all claims, liens and interests.  The Liquidation Trustee shall distribute all property of Debtor in accordance with this Plan.

## ARTICLE VIII

## RETENTION OF JURISDICTION

Notwithstanding entry of the Confirmation Order, or the occurrence of the Effective Date or "substantial consummation" of the Plan, the Bankruptcy Case having been closed, or a Final Decree or Order having been entered, the Bankruptcy Court (or the District Court, as the case may be) shall have and retain jurisdiction of matters arising out of, and related to the Bankruptcy Case and the Plan under, and for the purposes of, Bankruptcy Code §§ 105(a), 1127, 1142 and 1144 and for, among other things, the following purposes:

(a)     To consider any modification of the Plan under Bankruptcy Code § 1127 and/or modification of the Plan before "substantial consummation" as defined in Bankruptcy Code § 1101(2) and to consider any modification of the Plan to cure any defect or omission, or reconcile any inconsistency in the Plan, the Disclosure Statement, or in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order.

(b)     To hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases, if any, and allowance of Claims resulting therefrom.

(c)     To determine any and all pending adversary proceedings, applications, and contested matters pending on, filed or commenced as of the date of Confirmation, including, without limitation, the Causes of Action and objections to Claims.

(d)     To determine any and all adversary proceedings, applications, and contested matters filed or commenced by the Liquidation Trustee after the date of Confirmation.

(e)     To ensure that distributions are accomplished as provided in the Plan.

(f)     To hear and determine any objections to Administrative Expense Claims, to Proofs of Claim, or to Claims and Equity Interests filed and/or asserted both before and after the date of Confirmation, including any objections to the classification of any Claim or Equity Interest, and to allow or disallow any disputed Administrative Expense Claim, Claim, or Equity Interest, in whole or in part, and any request for estimation of Claims.

(g)     To protect the property of the estate from adverse Claims or interference inconsistent with the Plan or to determine the Liquidation Trustee's exclusive ownership of the Causes of Action.

(h)     To hear and determine matters pertaining to abandonment of property of the estate and to recover all assets of the Debtor and property of the estate, wherever located.

(i)     To (a) enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated; (b) to issue such orders in aid of execution of the Plan as may be necessary and appropriate, to the extent authorized by Bankruptcy Code § 1142; and (c) to interpret and enforce any Orders previously

entered in the Chapter 11 Case to the extent such Orders are not superseded or inconsistent with the Plan.

(j) To hear and determine all applications for compensation and reimbursement of expenses of Professional Persons under Bankruptcy Code §§ 330, 331, and 503(b) for services rendered and expenses incurred prior or subsequent to the date of Confirmation.

(k) To hear and determine all litigation, causes of action and all controversies, suits and disputes that may arise in connection with the interpretation, implementation or enforcement of the Plan, including but not limited to, any and all litigation and/or causes of action brought by the Debtor or Liquidation Trustee, whether such litigation and/or causes of action is/are commenced either prior to or after the Effective Date.

(l) To hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code §§ 346, 505, and 1146.

(m) To enter a Final Decree closing the Chapter 11 Case.

(n) To hear and determine any motions pertaining to the disposition of the Debtor's books and records.

(o) To consider and act on the compromise and settlement of any litigation, Claim against or cause of action on behalf of the estate.

## ARTICLE IX

## MISCELLANEOUS PROVISIONS

**9.1  Notices under the Plan.** All notices, requests, and demands to or upon the Debtor to be effective shall be in writing (including, without limitation, by telex or facsimile transmission) and, unless otherwise expressly provided in the Plan, shall be deemed to have been duly given or made when actually delivered or in the case of telex notice, when sent, answer back received, or in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

**To Debtor:**
Joseph O'Neil, Esq.
J. Cory Falgowski, Esq.
Reed Smith LLP
1201 N. Market Street, Suite 1500
Wilmington, DE 19810
Fax: (302) 778-7575

**To Official Committee of Unsecured Creditors:**
Sheldon Hirschon, Esq.
Sanjay Thapar, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
Fax: (212) 969-2900

**9.2  Modification of Plan.** The Proponent may alter, amend or modify the Plan at any time prior to the Confirmation date and thereafter as provided in Bankruptcy Code §1127. However, the Bankruptcy Court may, in its discretion, require a new disclosure statement and/or re-balloting on the Plan if Debtor modifies the plan before Confirmation. The Debtor may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated and (2) the Bankruptcy Court authorizes the proposed modification after notice and a hearing. The Proponent further reserves the right to modify the treatment of any Allowed Claims at any time after the Effective Date of the Plan upon the consent of the Creditor whose Allowed Claim treatment is being modified, so long as no other Creditors are materially adversely affected.

**9.3  Right to Withdraw Plan.** The Debtor reserves the right to withdraw the Plan at any time before the entry of the Confirmation Order, in which event the Plan shall be deemed null and void.

**9.4  Good Faith.** Confirmation of the Plan will constitute a finding that the Plan has been proposed in good faith and in compliance with all applicable provisions of the Bankruptcy Code.

**9.5  Extension of Deadlines in the Plan.** Any deadline for the filing of any request for relief in the Plan, including, without limitation, objections to Claims, may be extended by the Bankruptcy Court upon a motion made to extend such deadline which is filed prior to such deadline.

**9.6  Conflict.** The terms of the Plan shall govern in the event of any inconsistency with the summaries of the Plan set forth in the Disclosure Statement.

**9.7  Successors.** The rights, benefits and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, trustee, administrator, successor or assign of such Person.

**9.8  Balloting.** Any executed Ballot which does not indicate an acceptance or rejection of the Plan shall be deemed to constitute an acceptance.

**9.9  No Admissions.** Nothing contained in the Plan shall be deemed as an admission by the Debtor with respect to any matter set forth herein including, without limitation, liability on any Claim or the propriety of any Claim classification.

**9.10  Severability of Plan Provisions.** If, prior to Confirmation, any term or provision of the Plan that does not govern the treatment of Claims or Interests is held by the Court to be invalid, void or unenforceable, the Court upon the request of the Debtor, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable. Any such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated thereby. The Confirmation Order shall constitute a judicial determination, and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with this section, is valid and enforceable pursuant to its terms.

**9.11** **Exemption from Certain Transfer Taxes.** Pursuant to section 1146(c) of Bankruptcy Code, the issuance, transfer or exchange of any security or the making or delivery of any Instrument or transfer under the Plan (including the Liquidation Trust Agreement) may not be taxed under any law imposing a stamp tax, use tax, sales tax or similar tax.

**9.12** **Entire Agreement.** The Plan, as described herein, and the Disclosure Statement and exhibits thereto set forth the entire agreement and understanding of the parties hereto relating to the subject matter hereof and supersede all prior discussions and documents. No party hereto shall be bound by any terms, conditions, definitions, warrants, understandings or representations with respect to the subject matter hereof, other than as is expressly provided for herein or as may hereafter be agreed by the parties in writing.

## ARTICLE X

## CONFIRMATION REQUEST

The Debtor hereby requests confirmation of the Plan pursuant to Section 1129 of the Bankruptcy Code.

Date: February 14, 2007

The VWE Group, Inc., d/b/a V.W. Eimicke Associates, Inc., Debtor

By:   /s/ Joseph O'Neil, Esq.
       Joseph O'Neil, Esq.

Counsel for the Debtor