**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:                                                    :
                                                          :   Chapter 11
THE VWE GROUP, INC., d/b/a                                :
V.W. EIMICKE ASSOCIATES, INC.,                            :   Case No. 04-20308 (ASH)
                                                          :
                      Debtor.                             :
-------------------------------------------------------------x

**ORDER UNDER SECTION 1129 OF THE BANKRUPTCY CODE AND RULE 3020 OF THE BANKRUPTCY RULES CONFIRMING THE FIRST AMENDED PLAN OF LIQUIDATION OF THE VWE GROUP, INC. d/b/a V.W. EIMICKE ASSOCIATES, INC.**

Upon consideration of the First Amended Plan of Liquidation of The VWE Group, Inc. d/b/a V.W. Eimicke Associates, Inc. dated June 11, 2007 (the "Plan") and the Disclosure Statement relating the Plan (the "Disclosure Statement") and the Plan having been transmitted to holders of Claims[1] against and Equity Interests in the Debtor and other parties in interest, and the Court having approved the Disclosure Statement and solicitation and tabulation procedures and other related relief; and the hearing to consider confirmation of the Plan having been held before the Court on October 3, 2007 (the "Confirmation Hearing"), after adequate notice to holders of Claims against the Debtor and other parties in interest; and upon all of the proceedings had before the Court and after consideration of the Affidavit Of Joseph O'Neil, Jr., Esquire Certifying The Ballots Accepting Or Rejecting The First Amended Plan Of Liquidation Of The VWE Group, Inc., D/B/A V.W. Eimicke Associates, Inc. Pursuant To Local Bankruptcy Rule 3018-1 (the "Affidavit Certifying Ballots"); and after consideration of any objections to confirmation of the Plan; and after consideration of the arguments of counsel and the evidence presented at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor, this Court finds and concludes as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

## BACKGROUND

A. On June 2, 2004 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B. No trustee or examiner has been appointed in this chapter 11 case. On June 21, 2004, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") to serve in this case.

C. As of the Petition Date, the Debtor operated a business engaged in direct marketing of human resource products, including copyrighted personnel forms, labor law posters, safety products to help businesses comply with OSHA requirements, human resources software, motivation products and greeting cards.

D. On July 20, 2006, the Debtor entered into an Asset Purchase Agreement with Everglades Direct, Inc. for the sale of substantially all of the Debtor's assets. The Court approved the sale to the Buyer by entry of that certain Sale Order dated July 20, 2006. The Asset Sale closed on or about July 21, 2006.

E. On February 14, 2007, the Debtor filed its Motion for an Order: (I) Approving Disclosure Statement (II) Establishing Voting Procedures And (III) Scheduling Confirmation Hearing (the "Solicitation Procedures Motion"). Notice of the Solicitation Procedures Motion was served by regular mail on the Office of the United States Trustee, counsel for the Committee, and all entities that had filed a notice of appearance and request for service of papers in this chapter 11 case.

F. On June 12, 2007, this Court entered the Order: (I) Approving First Amended

Disclosure Statement (II) Establishing Voting Procedures And (III) Scheduling Confirmation Hearing (the "Solicitation Procedures Order").

G. Pursuant to the Solicitation Procedures Order, the Debtor distributed, by first class mail, a Solicitation Package (as defined in the Solicitation Procedures Order) to each person or entity (i) listed on the Debtor's schedules of assets and liabilities (other than creditors with claims scheduled as disputed, contingent or unliquidated, who have failed to timely file proofs of claim), and (ii) that has timely filed a proof of claim, which claim has not been disallowed, withdrawn or expunged.

H. Pursuant to the Solicitation Procedures Order, ballots to accept or reject the Plan were required to be received by counsel for the Debtor, Reed Smith LLP, by no later than 5:00 p.m. prevailing Eastern time on August 14, 2007 (the "Voting Deadline").

I. As described more fully in the Affidavit Certifying Ballots, the Plan has been accepted by at least two thirds in amount and more than one half in number of the Allowed Claims in Class 1, Class 2 and Class 3, which represent the only classes of claims entitled to vote on the Plan.

J. The Solicitation Procedures Order further required that any objections to confirmation of the Plan be in writing, filed with the Court and served upon the Debtor, the Committee and the Office of the United States Trustee by no later than August 14, 2007. No objections to confirmation of the Plan were filed.

K. The Confirmation Hearing was held on October 3, 2007 at 10:00 a.m. Eastern daylight time.

IT IS HEREBY FOUND AND DETERMINED THAT:

1. Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157, 1334(a), 1408

and 1409. This Court has jurisdiction over this chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. <u>Judicial Notice</u>. Pursuant to Federal Rule of Evidence 201, as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), this Court takes judicial notice of the items docketed in this chapter 11 case maintained by the clerk of the Court and all evidence and arguments made, proffered or adduced at the hearings held before the Court during this chapter 11 case.

3. <u>Transmittal and Mailing of Materials; Notice</u>. The Solicitation Packages were transmitted and served in compliance with the Solicitation Procedures Order, the Bankruptcy Code and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing and all other deadlines and hearings described in the Solicitation Procedures Order was given in compliance with the Bankruptcy Rules, the Bankruptcy Code and the Solicitation Procedures Order, and no other or further notice is or shall be required.

4. <u>Voting</u>. Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Solicitation Procedures Order. All of the impaired classes of Claims voting under the Plan have voted to accept the Plan, with the requisite holders (in number and amount) in each of Class 1 Claims, Class 2 Claims and Class 3 Claims having voted to accept the Plan.

5. <u>Plan Modification (Pursuant to Bankruptcy Rule 3019)</u>. This modification to the

Plan provided by this Order do not adversely affect the treatment of any Claims or Equity Interests in the Debtor under the Plan. Accordingly, pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, the modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do such modifications require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The Plan as modified by this Order shall constitute the Plan submitted for confirmation by the Bankruptcy Court.

6. <u>Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

    i. <u>Proper Classification of Claims and Equity Interests (11 U.S.C. §§ 1122, 1123(a)(1))</u>. With the exception of claims which need not be classified, the Plan designates four (4) classes of Claims and Equity Interests. The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in such Class. Valid business, factual and/or legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and, therefore, the Plan does not unfairly discriminate among holders of Claims or Equity Interests, Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

    ii. <u>Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. The Plan designates Classes 1, 2, 3 and 4 as impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

    iii. <u>Equal Treatment Within Classes (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment by the Debtor for each Claim or Equity Interest in a particular Class unless the holder of a particular Claim or Equity Interest in such Class has agreed to a less favorable treatment of its Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

    iv. <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

   v. <u>Rule 3016(a) of the Bankruptcy Rules</u>.  The Plan is dated and identifies the entities submitting it, thereby satisfying Rule 3016(a) of the Bankruptcy Rules.

   vi. <u>Rule 3016(c) of the Bankruptcy Rules</u>.  The Plan describes in specific and conspicuous bold language all acts to be enjoined and identifies the entities that would be subject to the injunction.

7. <u>Debtor's Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically:

   i. the Debtor is eligible to be a debtor under section 109 of the Bankruptcy Code and the Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code;

   ii. the Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by Orders of the Court; and

   iii. the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order in soliciting and tabulating votes on the Plan.

8. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of this chapter 11 case and the formulation of the Plan.  This chapter 11 case was filed, and the Plan was proposed, with the legitimate and honest purpose of distributing the proceeds of the liquidation of the Debtor's assets so as to provide the greatest possible distribution to the Debtor's creditors.

9. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Except as otherwise provided or permitted by the Plan or any Order of this Court, any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this chapter

- 6 -

11 case, or in connection with the Plan and incident to the chapter 11 case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

10. <u>Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5))</u>. Section 1129(a)(5) of the Bankruptcy Code is inapplicable in the instant case because the Plan contemplates that the Liquidation Trustee shall dissolve the Debtor.

11. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. Section 1129(a)(6) of the Bankruptcy Code is inapplicable in the instant case, as the Debtor will not operate any business subsequent to confirmation of the plan.

12. <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence or challenged and (iii) establishes that each holder of a Claim or Equity Interest in an impaired Class either (x) has accepted the Plan or (y) will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code.

13. <u>Treatment of Priority Claims (11 U.S.C. § 1129(a)(9))</u>. The Plan's treatment of Allowed Administrative Expenses and Allowed Priority Claims satisfies the requirements of sections 1129(a)(9)(A), (B) and (C) of the Bankruptcy Code, respectively. Under the Plan, holders of Allowed Administrative Expenses entitled to priority pursuant to section 507(a)(1) will receive, on the Effective Date, cash equal to the full amount of such claims. Furthermore, under the Plan, Allowed Priority Tax Claims and Allowed Priority Non-Tax Claims shall

receive: (A) cash equal to the full amount of such claims on the Effective Date; (B) payment of the full amount of such Allowed Priority Claims in deferred cash payments of a value, as of the Effective Date, equal to the Allowed amount of such Priority Claims; or (C) payment as may be agreed by the Holder of an Allowed Priority Claim.

14.     <u>Acceptance of at Least One Impaired Class (11 U.S.C. § 1129(a)(10))</u>.  Classes 1, 2 and 3, which comprise all impaired voting classes, have each voted to accept the Plan, thereby satisfying section 1129(a)(10) of the Bankruptcy Code.

15.     <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The Plan provides for the liquidation of the Debtor's remaining assets and the distribution of cash to creditors and interest holders in accordance with the priority scheme of the Bankruptcy Code and the terms of the Plan.  Further, the Plan contemplates the formation of a Liquidation Trust.  The Disclosure Statement and the evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged and (iii) establish that the Plan is feasible, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

16.     <u>Payment of Certain Fees (11 U.S.C. § 1129(a)(12))</u>.  All fees payable on or before the Effective Date under 28 U.S.C. § 1930 either have been paid or will be paid on the Effective Date pursuant to the Plan.  Accordingly, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

17.     <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  Section 1129(a)(13) of the Bankruptcy Code is inapplicable in the instant case because the Debtor is not obligated, now or in the future, to pay retiree benefits.

18.     <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>.  Holders of Class 4 Equity Interests are not entitled to receive or retain any property under the Plan and,

therefore, Class 4 is deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. The Debtor presented uncontroverted evidence at the Confirmation Hearing that the Plan does not discriminate unfairly and is fair and equitable with respect to Class 5, as required by section 1129(b)(1) of the Bankruptcy Code. Thus, although section 1129(a)(8) has not been satisfied with respect to Class 4, the Plan is confirmable because it satisfies section 1129(b) of the Bankruptcy Code with respect to Class 4.

19. <u>Only One Plan (11 U.S.C. § 1129(c))</u>. Other than the Plan (including previous versions thereof), no other plan has been filed in this chapter 11 case. Accordingly, the requirements of section 1129(c) have been satisfied.

20. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan, as evidenced by its terms, is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

21. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based upon the record before the Court, the Debtor has solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and is entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpatory and injunctive provisions set forth in the Plan.

22. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in subsections 1129(a) and (b) of the Bankruptcy Code.

23. <u>Retention of Jurisdiction</u>. The Court may properly retain jurisdiction over the matters set forth in Article VII of the Plan.

**DECREES**

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND

DETERMINED THAT:

1.  <u>Modification of the Plan.</u>  Section 7.2 of the Plan is deleted and replaced with the following:

> **7.2  Limitation of Liability.**  On and after the Confirmation Date, none of (i) the Debtor, or (ii) the Liquidation Trustee, (iii) Debtor's Professionals, (iv) the Committee and its Professionals as of immediately after the Effective Date, shall have or incur any liability for any actions or inactions in connection with the Bankruptcy Case, taken or to be taken or omitted under or in connection with, related to, effecting, or arising out of the Debtor; the Debtor's operations; the administration of the Debtor's bankruptcy estate, and real and personal property; the pursuit of Confirmation; the Consummation of the Plan; the administration of the Plan; the sale and liquidation of the Debtor's assets; or the property to be distributed under the Plan, except by reason of their gross negligence, willful misconduct, breach of fiduciary duty, *ultra vires* actions, fraud, acts constituting malpractice, criminal conduct, or unauthorized use of confidential information which causes damages.  Notwithstanding the foregoing, nothing herein shall excuse any attorney of his or her obligations pursuant to Disciplinary Rule 6-102 of the New York Lawyer's Code of Professional Responsibility.  Furthermore, nothing in the Plan shall limit the liability of the Debtor's or the Committee's professionals (i) to their respective clients pursuant to any applicable rules of professional conduct; or (ii) to any departments, agencies or instrumentalities of the United States.

In addition, a Section 5.7 is added to the Plan, which Section 5.7 shall provide:

> **5.7  Payment of Quarterly Fees Required by 28 U.S.C. § 1930(a)(6).**  All fees payable on or before the Effective Date under 28 U.S.C. § 1930(a)(6) shall be by the Debtor on or prior to the Effective Date.  Subsequent to the Effective Date, all fees payable under 28 U.S.C. § 1930(a)(6) shall be paid by the Liquidation Trustee from the Liquidation Trust.

In addition, Section 1.2(b)(1) of the Plan is deleted and replaced with the following:

> **1.2(b)(1)  Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Bankruptcy Code § 507(a)(1), including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expense of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of its business or for the acquisition or lease of property or the provision of services to the Debtor, and all allowances of compensation and reimbursement of expenses.

2.  <u>Confirmation</u>.  The Plan, as modified by paragraph 1 above, is approved and

confirmed under section 1129 of the Bankruptcy Code as an Order of this Court.

3. <u>Provisions of Plan and Order Nonseverable and Mutually Dependent</u>. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

4. <u>Plan Classification Controlling</u>. The classification of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications forth on the Ballots tendered to or returned by the Debtor's creditors and equity holders in connection with voting on the Plan (i) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (ii) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims or Equity Interests under the Plan for distribution purposes, and (iii) shall not be binding on the Debtor, its estate, the Liquidation Trust or the Liquidation Trustee.

5. <u>Binding Effect</u>. Pursuant to section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as expressly provided in the Plan or this Confirmation Order, the provisions of the Plan (including the exhibits to, and all documents and agreements executed pursuant to, the Plan) and the Confirmation Order shall be binding on (i) the Debtor, (ii) the Liquidation Trust, (iii) the Liquidation Trustee, (iv) all holders of Claims against and Equity Interests in the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan and (v) each person acquiring property under the Plan.

6. <u>Vesting of Assets</u>. Pursuant to the Plan, upon the Effective Date, all Assets of the Debtor shall vest in the Liquidation Trust.

7. <u>Approval of Liquidation Trust Agreement</u>. The Liquidation Trust Agreement is

hereby approved in all respects. To the extent not specified in the Liquidating Trust Agreement, the Liquidating Trustee shall prepare and file any post-confirmation disbursement and status reports. The Liquidating Trustee shall file, within 45 days after the date of this Order, a status report detailing actions taken by the Liquidating Trustee and the progress made toward the consummation of the Plan. Reports shall be filed thereafter every January 15th, April 15th, July 15th and October 15th until a final decree has been entered or until the Debtor's chapter 11 case has been converted to a case under Chapter 7 or dismissed, whichever occurs earlier.

8. <u>Injunction</u>. Pursuant to Section 7.3 of the Plan, on and after the Effective Date, all persons and entities who have held, hold or may hold a demand, Debt, Claim, Equity Interest or other liability or interest against or in the Debtor shall be enjoined to the fullest extent permitted by law from taking any of the following actions: (i) commencing or continuing in any manner any action or other proceeding on account of such Debt, Claim, liability, interest or right against property that is to be distributed under the Plan or; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against any property to be distributed to creditors under the Plan. Additionally, on and after the Effective Date, each Holder of an Equity Interest in the Debtor is permanently enjoined from taking or participating in any action that would interfere or otherwise hinder the Debtor from implementing this Plan, the Confirmation Order or any other Order of the Bankruptcy Court.

9. <u>Rejected Contracts and Leases</u>. Except as otherwise provided in the Plan, any executory contracts or unexpired leases which have not expired by their own terms on or prior to the Effective Date, which have not been assumed and assigned or rejected with the approval of the Court, shall be deemed rejected by the Debtor on the Confirmation Date. The entry of the Confirmation Order by the Court shall constitute approval of such rejections pursuant to sections

365(a) and 1123 of the Bankruptcy Code.

      10.    <u>General Authorizations; Plan Modifications</u>.  Pursuant to section 1142(b) of the Bankruptcy Code, (i) the Debtor, (ii) the Liquidation Trust, (iii) the Liquidation Trustee and (iv) all other necessary parties are authorized and empowered to (x) execute and deliver any instrument, agreement or document and (y) perform any act that is necessary, desirable or required to comply with the terms and conditions of the Plan and consummation of the Plan, and are authorized and empowered, without limitation, to take all actions necessary or appropriate to enter into implement, and consummate the contracts, instruments, and other agreements or documents created in connection with the Plan.

      11.    <u>Corporate Action</u>.  Any corporate action required to be taken by the Debtor in respect of any of the matters provided for or contemplated under the Plan shall, as of the Effective Date, be deemed to have been taken and shall be effective as provided herein, and such corporate action shall be authorized and approved in all respects without any requirement of further action by stockholders, officers or directors of the Debtor.

      12.    <u>Exemption From Transfer Taxes</u>.  Pursuant to section 1146(c) of the Bankruptcy Code, any transfer from the Debtor to the Liquidation Trust, from the Liquidation Trust, or otherwise in consummation of, or pursuant to, the Plan shall not be subject to any stamp tax or similar tax, and all appropriate state or local governmental officials or agents are hereby directed to forego the collection of any such tax and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax.

      13.    <u>Payment of Fees</u>.  All fees due and payable under 28 U.S.C. § 1930(a)(6) that have not been paid shall be paid on or before the Effective Date.  Payments after the Effective Date shall be made as required by statute and shall be paid by the Liquidation Trust.

04-20308-rdd    Doc 263    Filed 10/03/07    Entered 10/03/07 16:51:56    Main Document
Pg 14 of 15

14. <u>Retention of Jurisdiction</u>.  Except as otherwise provided in the Plan, the Court shall retain and have exclusive jurisdiction over any matter arising under the Bankruptcy Code, arising in or related to this chapter 11 case and the Plan.  The Court shall also have exclusive jurisdiction over all matters described in Article VIII of Plan.

15. <u>Acceptance by Governmental Units</u>.  Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Plan including, without limitation, documents and instruments for recording in county and state offices where any document may need to be filed in order to effectuate the Plan, including any documents executed by the Liquidation Trust as successor to the Debtor.

16. <u>Notice of Entry of Confirmation Order</u>.  On or before the tenth (10th) Business Day following the date of entry of this Confirmation Order, the Debtor shall serve notice of entry of this Confirmation Order pursuant to Rules 2002(f)(7) and 3020(c) of the Bankruptcy Rules on all creditors, the United States Trustee and other parties in interest.

17. <u>References to Plan Provisions</u>.  The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed an approved in its entirety.

18. <u>Confirmation Order Controlling</u>.  If there is any direct conflict between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

19. <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to sections 1123(a), 1141 and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order and the Plan shall apply and be enforceable.

20. <u>No Waiver of Rights</u>.  Unless otherwise agreed to in writing, no distribution on account of any Claim, whether Allowed on or after the Effective Date shall be deemed to waive the rights of the Debtor and the Committee (pre-Effective Date) or the Liquidation Trustee (post-Effective Date) in connection with any objections to Claims or Unresolved Causes of Action against the Holder of any Claim receiving such distribution, including without limitation, causes of action under Chapter 5 of the Bankruptcy Code.

21. <u>Technical Adjustments and Modifications</u>.  Prior to the Effective Date, the Debtor with the reasonable consent of Committee may make appropriate technical adjustments and modifications to the Plan and Liquidation Trust Agreement without further order or approval of this Bankruptcy Court, provided that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Claims or Equity Interests.

Dated:  October _3_, 2007          /s/Adlai S. Hardin, Jr.
        White Plains, NY           Adlai S. Hardin, Jr.
                                   United States Bankruptcy Judge