Sarna & Associates, pc                                                                 220.001/VWE LT-Post Confirmation Report as of 31 March 2015 v1.doc

Sarna & Associates, pc
328 North Main Street, 2nd Floor
Upper Nyack, New York 10960
(845) 348-9822
James A. Sarna,
Counsel to John W. Axel, Liquidation
Trustee of the VWE Group, Inc.
Post-Confirmation Liquidation Trust

**United States Bankruptcy Court**
**Southern District Of New York**

------------------------------------------------------------------------ :
In re:                                                                   :
                                                                         :
     The VWE Group, Inc., d/b/a          : Chapter 11 Case
     V.W. Eimicke Associates, Inc.,      : No.: 04-B-20308-RDD
                                                                         :
                     Debtor                                              :
------------------------------------------------------------------------ :

### Post-Confirmation Report of the Liquidated Debtor and the VWE Group, Inc. Post-Confirmation Liquidation Trust

To:   The Honorable Robert D. Drain,
      United States Bankruptcy Judge

John W. Axel, Liquidation Trustee ("Trustee") of the VWE Group, Inc. Post-Confirmation Liquidation Trust ("Trust"), by and through his counsel, Sarna & Associates, PC, submits this report concerning the actions taken and the progress made towards consummation of the First Amended Plan of Reorganization ("Plan") of The VME Group, Inc., d/b/a V.W. Eimicke Associates, Inc. ("Debtor"), pursuant to 11 U.S.C. 1106 (a)(7) and this Court's Order dated October 3, 2007, hereby represents as follows:

1.     The Plan became effective on November 14, 2007 ("Effective Date").

2.     For the period ("Reporting Period") of January 1, 2015 through and including March 31, 2015 ("Reporting Date"), the total disbursements made by the Trust equaled $6,304.70 representing payments made to the Trustee for his quarterly fees ($2,500.00), fees paid to the United States Trustee ($325.00), payments made to the Trustee's counsel ($3,449.85), and miscellaneous other banking expenses ($29.85).  Total funds received by the Trust during the

Sarna & Associates, pc
328 North Broadway, 2nd Floor
Upper Nyack, New York 10960
845.348.9822
845.818.9626 – Facsimile

Page 1 of 5

Sarna & Associates, pc                                                                                         220.001/VWE LT-Post Confirmation Report as of 31 March 2015 v1.doc

Reporting Period equaled $166.12 which represents interest income on accounts deposited with JPMorgan Chase Bank, NA. The Trust does not currently maintain any accounts at any other financial institution.

3. During the Reporting Period, the Trustee and/or his counsel have, *inter alia*:

   a. Continued to work to organize and otherwise attend to the Debtor's books and records and to review and analyze the scheduled, filed and litigated claims made against the Debtor;

   b. Maintained and managed bank accounts at JPMorgan Chase Bank, NA and overseen the Trust's assets;

   c. Worked toward recovering funds from a different Chapter 7 case (*In re Alicia Eimicke*, Chapter 7 Case No. 05-20103-RDD) in which the funds distributed were not received by the Liquidation Trust and were, instead, deposited with the Court.

   d. Continued to analyze the approximately 270 proofs of claim and several hundred claims scheduled by the Debtor and reconcile them and make allowances for claims compromised as a result of preference litigation settlements.

4. As mentioned in previously filed quarterly reports, approximately two hundred seventy (270) proofs of claims were filed in this case and it appears that none was critically reviewed by the Debtor's counsel prior to confirmation of the Plan. In fact, had such an analysis been performed, it is clear that the solicitation of acceptances of the Chapter 11 Plan and the Liquidation Analysis that was filed by the Debtor's counsel in connection with that Plan would have been materially and substantially different than what was actually filed with the Court. The arduous task of reviewing and reconciling those claims without the benefit of contemporaneous information (that is, "real time" information regarding claims, the Debtor's books and records and settlements made in connection with the Debtor's claims against creditors) continues. This process would have been much easier, and should have been done, during the active Chapter 11 case. The delay has proven to be costly as the process is now markedly inefficient and cumbersome.

Sarna & Associates, pc
328 North Broadway, 2nd Floor
Upper Nyack, New York 10960
845.348.9822
845.818.9626 – Facsimile

SARNA & ASSOCIATES, PC                                                                                                      220.001/VWE LT-Post Confirmation Report as of 31 March 2015 v1.doc

5. In addition to the proofs of claim filed in this case, a significant number of which appear to be duplicative and many of which were filed without any sort of backup documentation, there were approximately three hundred (300) claims scheduled by the Debtor when this case was commenced. The Trustee and/or his counsel are still in the process of analyzing the Debtor's schedules and consolidating the scheduled claims with the filed proofs of claim and comparing those items with the claims that may have been settled, reduced or otherwise resolved in the course of substantial litigation while this case was pending before the Court. This task is made more difficult than anticipated because there the claims register was not maintained by the Debtor's counsel during the course of the Chapter 11 case and preparing an accurate claims register is proving to be more difficult than expected.

6. The Trustee's counsel has been able to reconcile the books and records received from the Debtor's counsel and the Proofs of Claim filed by alleged creditors in this case and the schedules filed by the Debtor when the case was commenced. Unfortunately, whoever prepared the Debtor's schedules, and in particular Schedule F (General Unsecured Claims), failed to review the data carefully before the schedules were filed and it would appear that a very simple error was made which resulted in many of the creditors having been listed by the Debtor with the incorrect amount indicated as owed to that creditors.

7. Now that the Trustee's counsel has discovered the error and determined the appropriate amount of the claims, the Trustee and his counsel will soon file Objections to claims with the Court to begin the tedious, but necessary, process of allowing claims in their correct amounts rather than the amounts either filed by the creditors and contradicted by the Debtor's books, records and schedules, or in the amounts scheduled by the Debtor which, in some cases, is materially greater than the claimant is actually owed.

8. Significantly, the Trustee's counsel has worked diligently to locate claimants and communicate with them to determine whether they still wish to pursue claims in this case (whether scheduled or having actually filed a proof of claim), whether they have backup documentation related to those claims which the Trustee and his counsel have been unable to verify, and whether they have received distributions in other cases relating to this case. These efforts have been hindered by the passing of time, and the inaccuracy of the books and records and other business and claims documents provided by the Debtor's counsel.

SARNA & ASSOCIATES, PC
328 NORTH BROADWAY, 2ND FLOOR
UPPER NYACK, NEW YORK 10960
845.348.9822
845.818.9626 – FACSIMILE

9. The Trustee's counsel has received a significant number of items returned in response to the mailings sent to claimants. It is anticipated that the Trustee's counsel will continue to receive those responses over the next few weeks and months and will then have information in hand to present to the Court for approval of some claims, confirming address changes and updating the claims register, objecting to certain claims, and otherwise reconciling all claims.

10. As stated in previous quarterly reports, while the Trustee's counsel has endeavored to locate as many of the claimants as possible, which is a task made much more difficult by the passage of time and the poor quality of the schedules and claim information maintained by the Debtor and the Debtor's Chapter 11 counsel, the process is taking longer than anticipated as it is relying on the US Postal Service for delivery of correspondence, the cooperation of recipients of that correspondence, and the return of mail by the USPS when undeliverable or refused by the current occupant of the address at which the Debtor's books and records indicated the claimant resided.

11. This has been a significant undertaking and the Trustee and his counsel have devoted a significant amount of time and energy toward moving this case to its final stage. The Trustee hopes that he will soon be able to make a motion to this Court for permission to amend the claims register maintained by the Trustee's counsel to reflect confirmed addresses and claimants who cannot be located, and will make then motions to amend claim amounts, reduce claims that have already been paid from other sources, expunge duplicate claims, and for guidance on how best to address claimants who are no longer able to be located for a variety of reasons.

12. As of the Reporting Date, in accordance with the terms of the Plan, except for payment of the Chapter 11 Professionals' Fees as authorized by the Court, no distribution has yet been made to any holders of Administrative, Priority or General Unsecured Claims that were Allowed (as defined under the Plan) as of, or since, the Effective Date.

SARNA & ASSOCIATES, PC
328 NORTH BROADWAY, 2ND FLOOR
UPPER NYACK, NEW YORK 10960
845.348.9822
845.818.9626 – FACSIMILE

Sarna & Associates, pc                                                                      220.001/VWE LT-Post Confirmation Report as of 31 March 2015 v1.doc

13. The Trust has no leases of non-residential real property and is current on all settled and liquidated post-confirmation obligations and liabilities.

Dated: Upper Nyack, New York
As of April 1, 2015

    John W. Axel, Liquidation
    Trustee of the VWE Group, Inc.
    Post-Confirmation Liquidation Trust
    By his counsel
    Sarna & Associates, pc
    By:

    s/ James A. Sarna
    James A. Sarna
    A Member of the Firm
    328 North Broadway, 2nd Floor
    Upper Nyack, New York 10960
    (845) 348-9822

Sarna & Associates, pc
328 North Broadway, 2nd Floor
Upper Nyack, New York 10960
845.348.9822
845.818.9626 – Facsimile